UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

RECEIPT # _____
AMOUNT $ 150
SUMMONS ISSUED N/A
LOCAL RULE 4.1 _____
WAIVER FORM _____
MCF ISSUED _____
BY DPTY. CLK. _____
DATE 12-20-04

JOHN MADIGAN,
    Plaintiff

v.                                      CIVIL ACTION NO.

GENERAL STAR INDEMNITY CO.,
    Defendant

04cv12665 DPW
MAGISTRATE JUDGE _____

### NOTICE OF REMOVAL

TO THE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS:

Pursuant to 28 U.S.C. §§ 1441 and 1446, the Defendant, General Star Indemnity Co. ("General Star"), hereby gives notice of the removal to this Court of this action, which was commenced in the Commonwealth of Massachusetts, Middlesex County Superior Court (Civil Action No. MICV2004-03371-L). As grounds for this removal, General Star respectfully states as follows:

1. The plaintiff, John Madigan, brought this action in Middlesex County Superior Court by a complaint that was served upon General Star on or about November 23, 2004. (See Summons and Complaint, Exhibit A hereto.)

2. According to the complaint, the plaintiff is an individual residing in the Commonwealth of Massachusetts.

3. The removing party, General Star, is a corporation with its principal place of business in Stamford, Connecticut.

4. The plaintiff's action is a civil action over which this Court has diversity subject-matter jurisdiction under the provisions of 28 U.S.C. § 1332, because the amount in controversy exceeds the

sum or value of $75,000, exclusive of interest and costs, and the action is between citizens of different states.

5.  General Star is entitled to remove the plaintiff's action to the Court pursuant to 28 U.S.C. §§ 1441 and 1446, because the Court has original jurisdiction over the action; the action is pending within this District and Division; and General Star is not a citizen of Massachusetts.

6.  Copies of all process and pleadings served on General Star in this action are attached hereto as Exhibit A.

Signed, pursuant to Fed. R. Civ. P. 11, on December 20, 2004.

> GENERAL STAR INDEMNITY CO.
> By its attorneys,
>
> _____
> Samuel M. Furgang, BBO/#559062
> SUGARMAN, ROGERS, BARSHAK & COHEN, P.C.
> 101 Merrimac Street, 9th Floor
> Boston, MA 02114
> (617) 227-3030

Dated: December 20, 2004

### CERTIFICATE OF SERVICE

I, Samuel M. Furgang, hereby certify that on the above date I served the within document by mailing a copy of same, postage prepaid, to the following counsel of record:

> Michael C. Najjar, Esquire
> Marcotte Law Firm
> 45 Merrimack Street
> Lowell, MA 01852

_____
Samuel M. Furgang

357128.1

2

TO PLAINTIFF'S ATTORNEY: PLEASE CIRCLE TYPE OF ACTION INVOLVED: —
TORT — MOTOR VEHICLE TORT — CONTRACT —
EQUITABLE RELIEF — OTHER

Received
11/23/04
10:40 a
ADR

## COMMONWEALTH OF MASSACHUSETTS

SUPERIOR COURT
DEPARTMENT
OF THE
TRIAL COURT
CIVIL ACTION

MIDDLESEX, ss.
[seal]

No. MICV2004-03371-L

JOHN MADIGAN .........................Plaintiff(s)

v.

GENERAL STAR INDEMNITY CO......Defendant(s)

RECEIVED
NOV 23 2004
GENERAL STAR MANAGEMENT COMPANY
HOME OFFICE

### SUMMONS

To the above-named Defendant: GENERAL STAR INDEMNITY CO., 695 MAIN STREET, STAMFORD, CT

You are hereby summoned and required to serve upon ....MICHAEL C. NAJJAR, ESQ.............

MARCOTTE LAW FIRM............. plaintiff's attorney, whose address is ...45 MERRIMACK ST., LOWELL,

MA 01852........................................ an answer to the complaint which is herewith

served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you

fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also

required to file your answer to the complaint in the office of the Clerk of this court at ...MIDDLESEX SUPERIOR

COURT, 360 GORHAM ST., LOWELL, MA 01852 either before service upon plaintiff's attorney or within a

reasonable time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may

have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's

claim or you will thereafter be barred from making such claim in any other action.

Witness, Suzanne V. DelVecchio Esquire, at ............CAMBRIDGE...................

the .......19th.................................... day of ...NOVEMBER..........................

................ in the year of our Lord ................................ 2004

MCN/mjm

A TRUE COPY   Paul Verille
OFF. PAUL VERILLE
STATE MARSHAL
FAIRFIELD COUNTY, CT

Edward J. Sullivan
Clerk

NOTES.
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.

FORM NO. SUP.—001

COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX, SS.

SUPERIOR COURT DEPARTMENT
CIVIL ACTION NO.: MICV2004-03371-L

JOHN MADIGAN, )
    Plaintiff )
)
V. ) COMPLAINT
)
GENERAL STAR INDEMNITY CO., )
    Defendant., )

COUNT I

1. Plaintiff John Madigan resides in Lowell, Middlesex County, Massachusetts.

2. Defendant General Star Indemnity Co. is headquartered in Stamford Connecticut, and sells insurance coverage in Massachusetts.

3. On August 30, 2001 plaintiff was working on a roof at a building located at 10 North Main Street, Westford, Massachusetts.

4. The North Main Street building, known as the Rust Lick Building, was owned by Industrial Rents, LLC.

5. On August 30, 2001, Industrial Rents, LLC was insured by General Star Indemnity Co.

6. Plaintiff had fallen from the roof of the Rust Lick Building when a section of it collapsed under him.

7. As a result of the fall, plaintiff suffered severe injuries, incurred more than $1000,000.00 in medical expenses, endured pain and suffering, sustained permanent partial losses of function, and sustained a lost earning capacity.

8. Plaintiff brought a claim against Industrial Rents, LLC asserting in part that Industrial Rents, LLC failed to provide a safe workplace and failed to warn of dangers not readily apparent to plaintiff.

9. Industrial Rents, LLC presented the claim to defendant General Star Indemnity Co.

10. General Star Indemnity Co. refused to cover the claim and refused to provide a defense, based upon an "Independent Contractors Exclusion" in the insurance policy.

MARCOTTE
LAW FIRM
MERRIMACK ST.
LOWELL, MA 01852
(978) 453-1229

1

11. At the time of his accident, plaintiff was working for an independent contractor who had contracted to replace the roofing material on the Rust Lick building.

12. The claims raised by plaintiff against Industrial Rents, LLC were not within the exclusionary terms of defendant's "Independent Contractors Exclusion", and defendant should have covered the claims brought by plaintiff against defendant's insured, Industrial Rents, LLC.

13. Plaintiff is the assignee of all rights and claims that Industrial Rents, LLC may have against General Star Indemnity Co.

14. As assignee plaintiff hereby makes claim for payment of all sums for which Industrial Rents, LLC is or would be liable to plaintiff, and costs of defense incurred by Industrial Rents, LLC, and costs of any attorneys' fees incurred to maintain this action to secure the insurance coverage that should have been available to Industrial Rents, LLC.

WHEREFORE, plaintiff demands judgment against defendant, with interest, costs and attorneys' fees.

## COUNT II

1. Plaintiff realleges paragraphs 1 through 12 of Count I.

2. This Count is to reach and apply the proceeds of Industrial Rents, LLC's liability policy with the defendant, brought in accordance with G.L. c. 175, §112 and §113, and G.L. c. 214, §3.

WHEREFORE, plaintiff demands judgment against defendant, with interest, costs and attorneys' fees.

**PLAINTIFF DEMANDS TRIAL BY JURY!**

Respectfully Submitted,
John Madigan,
by his attorney,

Michael C. Najjar, Esq.
BBO# 366740
Marcotte Law Firm
45 Merrimack Street
Lowell, MA 01852
(978)458-1229

MARCOTTE
LAW FIRM
MERRIMACK ST.
LOWELL, MA 01852
(978) 459-1229

S:\Attorneys\Michael N\Clients\Madigan, John [au] 3.30.01\PLEADINGS (Madigan v. General Star Indemnity Co)\08 26 04 LD - Complaint.wpd

2

| CIVIL ACTION COVER SHEET | DOCKET MICV2004-03371-L | Trial Court of Massachusetts Superior Court Department County: MIDDLESEX |
|---|---|---|

| PLAINTIFF(S) | DEFENDANT(S) |
|---|---|
| JOHN MADIGAN | GENERAL STAR INDEMNITY CO. |

ATTORNEY, FIRM NAME, ADDRESS AND TELEPHONE (978)458-1229
Michael C. Najjar, Esq.
Marcotte Law Firm
45 Merrimack St., Lowell, MA 01852
Board of Bar Overseers number: 366740

ATTORNEY (if known):

### Origin code and track designation

Place an x in one box only:
- [X] 1. F01 Original Complaint
- [ ] 2. F02 Removal to Sup.Ct. C.231,s.104 (Before trial) (F)
- [ ] 3. F03 Retransfer to Sup.Ct. C.231,s.102C (X)
- [ ] 4. F04 District Court Appeal c.231, s. 97 &104 (After trial) (X)
- [ ] 5. F05 Reactivated after rescript; relief from judgment/Order (Mass.R.Civ.P. 60) (X)
- [ ] 6. E10 Summary Process Appeal (X)

### TYPE OF ACTION AND TRACK DESIGNATION (See reverse side)

| CODE NO. | TYPE OF ACTION (specify) | TRACK | IS THIS A JURY CASE? |
|---|---|---|---|
| D02 | Reach and Apply | F | |
| A99 | Other-Insurance Coverage | ( F ) | ( X ) Yes    ( ) No |

The following is a full, itemized and detailed statement of the facts on which plaintiff relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

TORT CLAIMS  See Explanation Under Contract Claims Below
(Attach additional sheets as necessary)

A. Documented medical expenses to date:
1. Total hospital expenses ................................................. $ 86,475.62
2. Total Doctor expenses .................................................. $ 14,852.00 +
3. Total chiropractic expenses ............................................ $..........
4. Total physical therapy expenses ....................................... $..........
5. Total other expenses (describe) ....................................... $..........
   Subtotal $..........
B. Documented lost wages and compensation to date  has not returned to work  $..........
C. Documented property damages to date ................................. $..........
D. Reasonably anticipated future medical and hospital expenses ......... $..........
E. Reasonably anticipated lost wages .................................... $ 150,000.00
F. Other documented items of damages (describe)
   $..........
G. Brief description of plaintiff's injury, including nature and extent of injury (describe)
   Closed head injury; open right elbow fracture; frontal and temporal skull
   fractures; epidural hematoma; subarachnoid hemorrhage; right orbital
   laceration; bilateral rim and roof fractures; visual field disturbance.  $ 750,000.00
   TOTAL $ 1,000,000.00+

### CONTRACT CLAIMS
(Attach additional sheets as necessary)

Provide a detailed description of claim(s):
Although plaintiff's injuries are described above, this actually is a contract claim
by plaintiff as assignee of Industrial Rents, LLC; against the latter's insurer, defendant
General Star Indemnity Co., which refused to indemnify or defend its insured against
negligence claims brought by plaintiff against Industrial Rents, LLC   TOTAL $..........
for his injuries.

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT

"I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods."

Signature of Attorney of Record _____    DATE: 8/26/04

AOTC-6 mtc005-11/99
A.O.S.C. 1-2000

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
John Madigan

## DEFENDANTS
General Star Indemnity Co.

04 CV 12665 DPW

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF _____
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT Stamford, CT
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Michael C. Najjar, BBO No. 366740
Marcotte Law Firm
45 Merrimack St.
Lowell, MA 01852

ATTORNEYS (IF KNOWN)
Samuel M. Furgang, BBO No. 559062
Sugarman, Rogers, Barshak & Cohen, P.C.
101 Merrimac St.
Boston, MA 02114

## II. BASIS OF JURISDICTION (PLACE AN "X" IN ONE BOX ONLY)

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

- ☐ 1 Original Proceeding
- ☒ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## V. NATURE OF SUIT (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☒ 110 Insurance | PERSONAL INJURY | PERSONAL INJURY | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury — Med. Malpractice | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury — Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | PROPERTY RIGHTS | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | PERSONAL PROPERTY | ☐ 650 Airline Regs. | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 830 Patent | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | ☐ 840 Trademark | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | LABOR | SOCIAL SECURITY | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| REAL PROPERTY | CIVIL RIGHTS | PRISONER PETITIONS | | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | HABEAS CORPUS: | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☐ 530 General | | FEDERAL TAX SUITS | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 871 IRS — Third Party 26 USC 7609 | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |

## VI. CAUSE OF ACTION
(CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

Reach and apply proceeds of insurance policy; 28 U.S.C. §§1441 & 1446

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A **CLASS ACTION** UNDER F.R.C.P. 23

DEMAND $ _____

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ YES ☐ NO

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE _____   DOCKET NUMBER _____

DATE: 12/20/04

SIGNATURE OF ATTORNEY OF RECORD
Samuel M. Furgang

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. **TITLE OF CASE (NAME OF FIRST PARTY ON EACH SIDE ONLY)**

   John Madigan v. General Star Indemnity Co.

2. **CATEGORY IN WHICH THE CASE BELONGS BASED UPON THE NUMBERED NATURE OF SUIT CODE LISTED ON THE CIVIL COVER SHEET. (SEE LOCAL RULE 40.1(A)(1)).**

   ___ I.   160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

   ___ II.  195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730,     *Also complete AO 120 or AO 121
            740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.        for patent, trademark or copyright cases

   _X_ III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
            315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
            380, 385, 450, 891.

   ___ IV.  220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660,
            690, 810, 861-865, 870, 871, 875, 900.

   ___ V.   150, 152, 153.

   **04cv12665 DPW**

3. **TITLE AND NUMBER, IF ANY, OF RELATED CASES. (SEE LOCAL RULE 40.1(E)).**

   _____

4. **HAS A PRIOR ACTION BETWEEN THE SAME PARTIES AND BASED ON THE SAME CLAIM EVER BEEN FILED IN THIS COURT?**                                    YES ☐   NO ☒

5. **DOES THE COMPLAINT IN THIS CASE QUESTION THE CONSTITUTIONALITY OF AN ACT OF CONGRESS AFFECTING THE PUBLIC INTEREST? (SEE 28 USC 2403)**   YES ☐   NO ☒
   **IF SO, IS THE U.S.A. OR AN OFFICER, AGENT OR EMPLOYEE OF THE U.S. A PARTY?**      YES ☐   NO ☐

6. **IS THIS CASE REQUIRED TO BE HEARD AND DETERMINED BY A DISTRICT COURT OF THREE JUDGES PURSUANT TO TITLE 28 USC 2284?**   YES ☐   NO ☒

7. **DO ALL PARTIES IN THIS ACTION RESIDE IN THE CENTRAL SECTION OF THE DISTRICT OF MASSACHUSETTS (WORCESTER COUNTY) - (SEE LOCAL RULE 40.1(C)).**   YES ☐   NO ☒
   **OR IN THE WESTERN SECTION (BERKSHIRE, FRANKLIN, HAMPDEN OR HAMPSHIRE COUNTIES)? - (SEE LOCAL RULE 40.1(D)).**   YES ☐   NO ☒

8. **DO ALL OF THE PARTIES RESIDING IN MASSACHUSETTS RESIDE IN THE CENTRAL AND/OR WESTERN SECTIONS OF THE DISTRICT?**   YES ☐   NO ☒
   (a)   IF YES, IN WHICH SECTION DOES THE PLAINTIFF RESIDE? _____

9. **IN WHICH SECTION DO THE ONLY PARTIES RESIDING IN MASSACHUSETTS RESIDE?** Middlesex County

10. **IF ANY OF THE PARTIES ARE THE UNITED STATES, COMMONWEALTH OF MASSACHUSETTS, OR ANY GOVERNMENTAL AGENCY OF THE U.S.A. OR THE COMMONWEALTH, DO ALL OTHER PARTIES RESIDE IN THE**
    CENTRAL SECTION: YES ☐  NO ☐      OR WESTERN SECTION; YES ☐  NO ☐

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME  Samuel M. Furgang
ADDRESS  Sugarman, Rogers, Barshak & Cohen, P.C., 101 Merrimac St., Boston, MA 02114
TELEPHONE NO.  (617) 227-3030

(Categfrm.rev - 3/97)