UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

JOHN MADIGAN,
    Plaintiff

v.

GENERAL STAR INDEMNITY CO.,
    Defendant

CIVIL ACTION NO. 04-cv-12665-DPW

## ANSWER

The defendant, General Star Indemnity Co. ("General Star"), by and through its attorneys,

hereby answers each numbered paragraph of the Complaint, expressly reserving its right to amend its

Answer and to assert additional defenses.

### COUNT I

1.    General Star is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 1.

2.    General Star admits that it is headquartered in Stamford, Connecticut, and denies the remaining allegations in paragraph 2.

3.    General Star is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 3.

4.    General Star is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 4.

5.    General Star admits the allegations in paragraph 5.

6.    General Star is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 6.

7.     General Star is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 7.

8.     General Star admits the allegations in paragraph 8.

9.     General Star denies the allegations in paragraph 9.

10.    General Star admits the allegations in paragraph 10 and further answering General Star states that it reserved the right to rely upon additional bases to deny coverage.

11.    General Star admits the allegations in paragraph 11.

12.    General Star denies the allegations in paragraph 12.

13.    General Star is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 13.

14.    General Star states that no response is required to the allegations contained in paragraph 14, which is a claim for damages.  To the extent that a response is required, General Star denies the allegations contained in paragraph 14.

## COUNT II

1.     General Star restates and incorporates by reference its answers to paragraphs 1 through 12 as if expressly rewritten herein.

2.     General Star states that no response is required to the allegations contained in paragraph 2 of Count II as it states a conclusion of law.  To the extent that a response is required, General Star denies the allegations contained in paragraph 2 of Count II.

## AFFIRMATIVE DEFENSES

General Star asserts the following affirmative defenses expressly reserving its right to amend its Answer and to assert additional defenses as of right or by appropriate motion.

2

## First Affirmative Defense

General Star states that the Complaint should be dismissed for failure to state a claim upon which relief can be granted.

## Second Affirmative Defense

General Star states that to the extent it had any obligations to the plaintiff, its obligations have been performed completely and properly in all respects.

## Third Affirmative Defense

General Star states that it did not receive timely notice of the claim.

## Fourth Affirmative Defense

General Star states that the Complaint should be dismissed for insufficiency of process.

## Fifth Affirmative Defense

General Star states that the Complaint should be dismissed for insufficiency of service of process.

## Sixth Affirmative Defense

General Star states that the plaintiff's claims are barred by the applicable statute of limitations.

## Seventh Affirmative Defense

General Star states that the plaintiff's claims are barred by failure to join a party under Federal Rules of Civil Procedure 19.

## Eighth Affirmative Defense

General Star states that the plaintiff does not have standing to bring this claim.

## Ninth Affirmative Defense

General Star states that Industrial Rents, LLC was not covered by the General Star policy with regard to the claims alleged in the underlying suit.

3

<u>Tenth Affirmative Defense</u>

General Star states that to the extent that there is any coverage available under the policy, such coverage is subject to the terms, limitations, conditions and exclusions of the policy.

WHEREFORE, the defendant General Star demands that judgment enter in its favor against the plaintiff, and for its costs of defending this action, including reasonable attorneys' fees.

Defendant,
By its Attorneys,

Samuel M. Furgang, BBO #559062
SUGARMAN, ROGERS, BARSHAK & COHEN, P.C.
101 Merrimac Street, 9th Floor
Boston, MA 02114
(617) 227-3030

Dated:  December 23, 2004

## CERTIFICATE OF SERVICE

I, Samuel M. Furgang, hereby certify that on the above date I served the within document by mailing a copy of same, postage prepaid, to the following counsel of record:

Michael C. Najjar, Esquire
Marcotte Law Firm
45 Merrimack Street
Lowell, MA 01852

Samuel M. Furgang

357640