# Commonwealth of Massachusetts
## County of Middlesex
## The Superior Court

I, **Michael Brennan, Assistant Clerk** of the Superior Court of the Commonwealth of Massachusetts within and for said County of Middlesex, do certify that the papers hereto annexed are true pleadings in case No. **MICV2004-03371** entered in the Superior Court on **08/27/2004.**

**IN TESTIMONY WHEREOF,** I hereunto set my hand and affix the seal of said Superior Court, at said Lowell this 29th day of December, in the year of our Lord 2004



Assistant Clerk of the Courts

cvdremlett.wpd 2662349 removus houle

**COPY**

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FILED IN CLERKS OFFICE

2004 DEC 20 P 4: 01

U.S. DISTRICT COURT
DISTRICT OF MASS.

| JOHN MADIGAN, Plaintiff | |
|---|---|
| v. | CIVIL ACTION NO. |
| GENERAL STAR INDEMNITY CO., Defendant | 04cv 12665 DPW |

### NOTICE OF REMOVAL

TO THE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS:

Pursuant to 28 U.S.C. §§ 1441 and 1446, the Defendant, General Star Indemnity Co. ("General Star"), hereby gives notice of the removal to this Court of this action, which was commenced in the Commonwealth of Massachusetts, Middlesex County Superior Court (Civil Action No. MICV2004-03371-L). As grounds for this removal, General Star respectfully states as follows:

1. The plaintiff, John Madigan, brought this action in Middlesex County Superior Court by a complaint that was served upon General Star on or about November 23, 2004. (See Summons and Complaint, Exhibit A hereto.)

2. According to the complaint, the plaintiff is an individual residing in the Commonwealth of Massachusetts.

3. The removing party, General Star, is a corporation with its principal place of business in Stamford, Connecticut.

4. The plaintiff's action is a civil action over which this Court has diversity subject-matter jurisdiction under the provisions of 28 U.S.C. § 1332, because the amount in controversy exceeds the



FILED
IN THE OFFICE OF THE
CLERK OF THE COURTS
FOR THE COUNTY OF MIDDLESEX
DEC 22 2004

sum or value of $75,000, exclusive of interest and costs, and the action is between citizens of different states.

5. General Star is entitled to remove the plaintiff's action to the Court pursuant to 28 U.S.C. §§ 1441 and 1446, because the Court has original jurisdiction over the action; the action is pending within this District and Division; and General Star is not a citizen of Massachusetts.

6. Copies of all process and pleadings served on General Star in this action are attached hereto as Exhibit A.

Signed, pursuant to Fed. R. Civ. P. 11, on December 20, 2004.

GENERAL STAR INDEMNITY CO.
By its attorneys,

Samuel M. Furgang, BBO #559062
SUGARMAN, ROGERS, BARSHAK & COHEN, P.C.
101 Merrimac Street, 9th Floor
Boston, MA 02114
(617) 227-3030

Dated: December 20, 2004

## CERTIFICATE OF SERVICE

I, Samuel M. Furgang, hereby certify that on the above date I served the within document by mailing a copy of same, postage prepaid, to the following counsel of record:

Michael C. Najjar, Esquire
Marcotte Law Firm
45 Merrimack Street
Lowell, MA 01852

Samuel M. Furgang

357128.1

2

COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX, SS.



JOHN MADIGAN,
    Plaintiff

V.

GENERAL STAR INDEMNITY CO.,
    Defendant

## COUNT I

1. Plaintiff John Madigan resides in Lowell, Middlesex County, Massachusetts.

2. Defendant General Star Indemnity Co. is headquartered in Stamford Connecticut, and sells insurance coverage in Massachusetts.

3. On August 30, 2001 plaintiff was working on a roof at a building located at 10 North Main Street, Westford, Massachusetts.

4. The North Main Street building, known as the Rust Lick Building, was owned by Industrial Rents, LLC.

5. On August 30, 2001, Industrial Rents, LLC was insured by General Star Indemnity Co.

6. Plaintiff had fallen from the roof of the Rust Lick Building when a section of it collapsed under him.

7. As a result of the fall, plaintiff suffered severe injuries, incurred more than $1000,000.00 in medical expenses, endured pain and suffering, sustained permanent partial losses of function, and sustained a lost earning capacity.

8. Plaintiff brought a claim against Industrial Rents, LLC asserting in part that Industrial Rents, LLC failed to provide a safe workplace and failed to warn of dangers not readily apparent to plaintiff.

9. Industrial Rents, LLC presented the claim to defendant General Star Indemnity Co.

10. General Star Indemnity Co. refused to cover the claim and refused to provide a defense, based upon an "Independent Contractors Exclusion" in the insurance policy.

**MARCOTTE**
**LAW FIRM**
45 MERRIMACK ST.
LOWELL, MA 01852
(978) 458-1229

1

11. At the time of his accident, plaintiff was working for an independent contractor who had contracted to replace the roofing material on the Rust Lick building.

12. The claims raised by plaintiff against Industrial Rents, LLC were not within the exclusionary terms of defendant's "Independent Contractors Exclusion", and defendant should have covered the claims brought by plaintiff against defendant's insured, Industrial Rents, LLC.

13. Plaintiff is the assignee of all rights and claims that Industrial Rents, LLC may have against General Star Indemnity Co.

14. As assignee plaintiff hereby makes claim for payment of all sums for which Industrial Rents, LLC is or would be liable to plaintiff, and costs of defense incurred by Industrial Rents, LLC, and costs of any attorneys' fees incurred to maintain this action to secure the insurance coverage that should have been available to Industrial Rents, LLC.

WHEREFORE, plaintiff demands judgment against defendant, with interest, costs and attorneys' fees.

## COUNT II

1. Plaintiff realleges paragraphs 1 through 12 of Count I.

2. This Count is to reach and apply the proceeds of Industrial Rents, LLC's liability policy with the defendant, brought in accordance with G.L. c. 175, §112 and §113, and G.L. c. 214, §3.

WHEREFORE, plaintiff demands judgment against defendant, with interest, costs and attorneys' fees.

**PLAINTIFF DEMANDS TRIAL BY JURY!**

Respectfully Submitted,
John Madigan,
by his attorney,

Michael C. Najjar, Esq.
BBO# 366740
Marcotte Law Firm
45 Merrimack Street
Lowell, MA  01852
(978)458-1229

**MARCOTTE**
**LAW FIRM**
45 MERRIMACK ST.
LOWELL, MA 01852
(978) 458-1229

S:\Attorneys\Michael N\Clients\Madigan, John [aa] 8.30.01\PLEADINGS (Madigan v. General Star Indemnity Co)\08 26 04 LD - Complaint.wpd

2

04-3371

FILED
IN THE OFFICE OF THE
CLERK OF THE COURTS
FOR THE COUNTY OF MIDDLESEX
NOV 30 2004

# STATE OF CONNECTICUT

## Paul L. Verille, State Marshal

Cellular: (203) 249-0540
1856 Summer Street/Stamford/Connecticut/06905
Telephone: (203) 327-0816

Over 30 Years in Law Enforcement

Facsimile: (203) 348-3221

## AFFIDAVIT OF SERVICE

STATE OF CONNECTICUT, COUNTY OF FAIRFIELD   ss: Stamford

The undersigned, being duly sworn, deposes and says; deponent is not a party to the action, is over 18 years of age and resides at 1856 SUMMER STREET, STAMFORD, CT 06905.

That on _November 23_, 20_04_, at _11:00_ AM, at _General Cologne Re, 695 East Main Street, Stamford, Connecticut_, deponent served the within _Summons, Complaint, Tracking Order, Civil Action Cover Sheet_ on _Adam D. Roberts, Esq., Senior V.P. & Assistant General Counsel_, defendant(s) named.

**INDIVIDUAL 1** — by delivering a true copy of each to said defendant personally; deponent knew the person so served to be the person described as said defendant therein.

**CORPORATION 2** — a _____ corporation, by delivering thereat a true copy of each to _____ personally, deponent knew said corporation so served to be the corporation described in said summons as said defendant and knew said individual to be _____.

**SUITABLE AGE PERSON 3** — by delivering thereat a true copy of each to _____ a person of suitable age said discretion. Said premises is defendant's (actual place of business) (dwelling house) (usual place of abode) within the state.

**AFFIXING TO DOOR, ETC. 4** — by affixing a true copy of each to the door of said premises, which defendant's (actual place of business) (dwelling house) (usual place of abode) within the state. Deponent was unable, with due diligence to find defendant or a person of suitable age and discretion, thereat, having called there.

**MAILING 3 or 4** — Deponent also enclosed a copy of same in a postpaid sealed wrapping properly addressed to defendant at defendant's last known residence at _____, Certified Mail #: _____ and deposited said wrapper in a post office official depository under exclusive care and custody of the United States Postal Service within the State of Connecticut.

**DESCRIPTION required with 1 & 3 above** — Deponent described the individual served as follows:
Sex: _M_   Age: _45_ Yrs.   Height: _5'10"_   Weight: _160 lbs._
Hair Color: _brown_   Skin Color: _Caucasian_
Other: _no glasses, clean shaven_

Paul L. Verille, State Marshal, State of Connecticut

Sworn to and subscribed before me this _23_ day of _November_, 20_04_.

NOTARY PUBLIC
My Commission Expires October 31, 2009


TO PLAINTIFF'S ATTORNEY: PLEASE CIRCLE TYPE OF ACTION INVOLVED: —
TORT — MOTOR VEHICLE TORT — CONTRACT —
EQUITABLE RELIEF — OTHER

## COMMONWEALTH OF MASSACHUSETTS

......MIDDLESEX...... ss
[seal]

SUPERIOR COURT
DEPARTMENT
OF THE
TRIAL COURT
CIVIL ACTION
No. MICV2004-03371-L

......JOHN MADIGAN...................................... Plaintiff(s)

v.

......GENERAL STAR INDEMNITY CO........ Defendant(s)

### SUMMONS

To the above-named Defendant: GENERAL STAR INDEMNITY CO., 695 MAIN STREET, STAMFORD, CT

You are hereby summoned and required to serve upon ....MICHAEL C. NAJJAR, ESQ.,.......... MARCOTTE LAW FIRM.......... plaintiff's attorney, whose address is ...45 MERRIMACK ST., LOWELL, MA 01852................................................ an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the complaint in the office of the Clerk of this court at ....MIDDLESEX SUPERIOR COURT, 360 GORHAM ST., LOWELL, MA 01852 either before service upon plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

Witness, Suzanne V. DelVecchio Esquire, at .....................CAMBRIDGE.......................

the ........19th.............................................. day of ...NOVEMBER..............................

........................... in the year of our Lord ~~XXXXXXXXXXXXXXXXXXXXXXXX~~  2004

MCN/mjm

*[signature: Edward J. Sullivan]*
Clerk

NOTICE TO DEFENDANT — You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in the Clerk's Office.

NOTES.
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.

FORM NO. SUP.—001

Commonwealth of Massachusetts
MIDDLESEX SUPERIOR COURT
Case Summary
Civil Docket

## MICV2004-03371
### Madigan v General Star Indemnity Company

| | | | | | |
|---|---|---|---|---|---|
| File Date | 08/27/2004 | Status | Disposed: transfered to other court (dtrans) | | |
| Status Date | 12/22/2004 | Session | L - Cv time-stan 1 (Lowell) | | |
| Origin | 1 | Case Type | D02 - Reach & apply (214.003) | | |
| Lead Case | | Track | F | | |
| Service | 11/25/2004 | Answer | 01/24/2005 | Rule12/19/20 | 01/24/2005 |
| Rule 15 | 01/24/2005 | Discovery | 06/23/2005 | Rule 56 | 07/23/2005 |
| Final PTC | 08/22/2005 | Disposition | 10/21/2005 | Jury Trial | Yes |

### PARTIES

**Plaintiff**
John Madigan
Active 08/27/2004

Private Counsel 366740
Michael Najjar
Marcotte Law Offices (Albert J)
45 Merrimack Street
Lowell, MA 01852
Phone: 978-458-1229
Fax: 978-453-4468
Active 08/27/2004 Notify

**Defendant**
General Star Indemnity Company
695 East Main Street
Served: 11/30/2004
Served (answr pending) 11/30/2004

### ENTRIES

| Date | Paper | Text |
|---|---|---|
| 08/27/2004 | 1.0 | Complaint & civil action cover sheet filed |
| 08/27/2004 | | Origin 1, Type D02, Track F. |
| 11/30/2004 | 2.0 | Affidavit of compliance with long-arm statute with proof of service on out of state defendant, General Star Indemnity Company by Paul L. Verille, State Marshal, State of Connecticut, County of Fairfield on 11/23/04 |
| 12/22/2004 | 3.0 | Case REMOVED this date to US District Court of Massachusetts |

### EVENTS

MIDDLESEX, ss.    Commonwealth of Massachusetts
SUPERIOR COURT DEPARTMENT OF THE TRIAL COURT

In testimony that the foregoing is a true copy on file and of record made by photographic process, I have caused my hand and affix the seal of said Superior court this [illegible] day of December 2004.

[signature]
Deputy Assistant Clerk