UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JOHN MADIGAN,<br>    Plaintiff<br><br>v.<br><br>GENERAL STAR INDEMNITY CO.,<br>    Defendant | CIVIL ACTION NO.: 04-CV-12665-DPW |

## AGREED STATEMENTS OF FACTS FOR PURPOSES OF
## CROSS MOTIONS FOR SUMMARY JUDGMENT

For purposes of this Motion For Summary Judgment, the parties accept the following operative facts:

1.  On August 31, 2001, John Madigan was working on the roof of a commercial property known as the "Rust Lick" building in Westford, MA, and dropped some twenty feet when the roof gave way under him.

2.  Mr. Madigan was an employee of Dion Bowzer, an independent contractor operating under the d.b.a. of D&B Home Improvement.

3.  The owner of the Rust Lick building, Industrial Rents, LLC, through Christopher Franklin, had contracted with Bowzer to install a new roof.

4.  Mr. Franklin realized the building needed a new roof because "every time it rained outside, it would rain in the interior of the building for two or three days".

5.  The structure itself was a large rectangular, wide-open building, roughly 50' by 180'. From inside the building, one could see the underside of the roof decking simply by looking upward.

6. At some point before the actual commencement of the roof project, Mr. Franklin and Mr. Bowzer had viewed the roof together. They reached it by entering the building, ascending a flight of stairs, then climbing a ladder to the roof hatch, then exiting the hatch onto the roof.

7. Once Mr. Franklin and Mr. Bowzer agreed on a price for the labor, Mr. Franklin arranged for delivery of the necessary supplies which he purchased from Bradco. The materials were placed on the roof by a Bradco crane.

8. At Mr. Bowzer's request, Mr. Franklin was present when the materials were delivered.

9. Supervision of the labor fell to Mr. Bowzer. He alone arranged for the number of workers and he controlled their pay, having negotiated one overall price for the project with Mr. Franklin.

10. Mr. Franklin generally was not present at the job site, although he had been on the roof on at least one occasion between the commencement of work and the eventual accident involving Mr. Madigan. He described the roof as being: "all a little spongy. It was a disconcerting feeling to me, so I walked on the peak of the roof."

11. On August 31, 2001, Mr. Bowzer had a crew of four men on the Westford property including John Madigan. Mr. John Madigan was positioned by a corner of the roof of the Rust Lick building, installing a "nailer" at the roof edge. (A nailer is a wood strip to which roofing material will eventually be attached by nails.) The section underneath him was rotted and gave way under his weight. He fell some twenty feet, sustaining several facial and right arm fractures, partial vision loss in one eye and some arm incapacity.

12. Industrial Rents, LLC maintained insurance on the Rust Lick building and other commercial properties through General Star Indemnity Company, policy number IMA557890.  (Exhibit 1, to be submitted by General Star with hard copy of its Opposition and Cross Motion).

13. Christopher Franklin notified General Star of Mr. Madigan's accident informing them in the process that D&B Home Improvement was the contractor for the job.

14. The commercial general liability policy contained the following "Independent Contractor Exclusion":

> In consideration of the reduced premium charged, it is hereby understood and agreed that this policy does not apply to Bodily Injury or Property Damage arising out of operations performed for the named insured by Independent Contractors or acts or omissions of the named insured in connection with his general supervision of such operations.

15. John Madigan sued Industrial Rents in the Massachusetts Superior Court, <u>Madigan v. Christopher Franklin and Industrial Rents, LLC</u>, MICV2002-03180.  (Exhibit 2, to be submitted by plaintiff with hard copy of Agreed Statement of Facts).

16. General Star declined to provide coverage, based upon its Independent Contractor Exclusion.

17. Mr. Madigan asserted liability initially on theories of both lack of supervision and the more general breach of duty to provide reasonably safe premises and warn of known dangers.

18. The parties agree that liability based upon lack of supervision clearly would have fallen outside of the General Star coverage.

19. General Star was aware of the second branch of Mr. Madigan's contention - failure to provide reasonably safe premises and warn of known dangers - but maintained that such theory also fell within the Independent Contractor Exclusion.

20. Eventually Madigan reached a resolution of his State Court claim, which included assignment to him of rights which Industrial Rents may have had against General Star Indemnity Company. This action ensued.

21. General Star was not notified in advance of the resolution of the underlying state court action against Industrial Rents.

| Defendant | Plaintiff |
|---|---|
| General Star Indemnity Co. | John Madigan |
| By its attorney, | By his attorney, |
| | |
| */s/ Samuel M. Furgang* | */s/ Michael C. Najjar* |
| Samuel M. Furgang, BBO #559062 | Michael C. Najjar, Esq., BBO#: 366740 |
| Sugarman, Rogers, Barshak & Cohen, P.C. | Marcotte Law Firm |
| 101 Merrimac Street, 9th Floor | 45 Merrimack Street, Suite 410 |
| Boston, MA   02114 | Lowell, MA   01852 |
| (617)227-3030 | (978) 458-1229 |
| | |
| Dated:      May 13, 2005 | Dated:      May 13, 2005 |

4